IN THE COURT OF CRIMINAL APPEALS


OF TEXAS



 


WR-47,025-04




 

 EX PARTE FRANCES ELAINE NEWTON






ON APPLICATION FOR WRIT OF HABEAS CORPUS


IN CAUSE NUMBER 474102 FROM THE 


263
RD DISTRICT COURT OF HARRIS COUNTY






Per Curiam. Johnson, J., would stay the execution and remand to the trial court.

Womack, J., not participating. 


ORDER



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure, Article 11.071, Section 5.

 On October 24, 1988, applicant was convicted of the offense of capital murder. The
jury answered the special issues submitted in accordance with Texas Code of Criminal
Procedure, Article 37.071, and the trial court set the punishment at death. This Court
affirmed applicant's conviction and sentence on direct appeal. Newton v. State, No. AP-70,770 (Tex.Crim.App. 1992) (not published). On applicant's first application for habeas
corpus, this Court denied relief. Ex parte Newton, WR-47,025-01 (Tex.Crim.App. December
6, 2000). A subsequent application was dismissed as an abuse of the writ. Ex parte Newton,
WR-47,025-02 (Tex.Crim.App. November 29, 2004) (not published). Applicant's second
subsequent application in which she alleged three grounds which she claimed were 
previously unavailable, factually or legally, at the time of her prior applications was
considered and dismissed as an abuse of the writ. Ex parte Newton, WR-47,025-03
(Tex.Crim.App. August 24, 2005).

 Applicant alleges that she raised a claim, that more than one weapon was recovered
from the crime scene, in her Response to Respondent's [State's] Motion to Dismiss her
subsequent application. She alleges this Court did not consider that claim in finding her last
application to be an abuse of the writ. Applicant has provided two affidavits from her
investigators, signed on the day after our order dismissing her previous application on August
24, 2005. She alleges these affidavits are new evidence supporting this new claim. We
disagree. We find that this is old evidence and old argument in a new form.

 Having reviewed the application and finding that it does not meet the requirements
of Texas Code of Criminal Procedure, Article 11.071, Section 5, for subsequent review, the
application is dismissed as an abuse of the writ.

 IT IS SO ORDERED THIS THE 8TH DAY OF SEPTEMBER, 2005.

Do Not Publish